UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re | : |
| | : |
| **MICHAEL M. McCORMACK and** | : |
| **ROSEMARIE M. McCORMACK,** | : |
| | : |
|     **Debtors** | : |
| | : |
| _____ | : |
| | : |
| **D.A.N. JOINT VENTURE, A** | : |
| **LIMITED PARTNERSHIP,** | : |
| | : |
|     **Plaintiff/Appellant,** | : |
| | : |
| **v.** | : |
| | :   **No. 3:03CV1649(DJS)** |
| **MICHAEL M. McCORMACK and** | : |
| **ROSEMARIE M. McCORMACK,** | : |
| | : |
|     **Defendants/Appellees.** | : |

### MEMORANDUM OF DECISION AND ORDER

Appellant, D.A.N. Joint Venture, A Limited Partnership, filed this appeal of a final decision of the United States Bankruptcy Court for the District of Connecticut (Dabrowski, J.) rendering judgment in favor of defendants Michael and Rosemarie McCormack on all appellant's claims. (See Memorandum of Decision on Objection to Discharge, D.A.N. Joint Venture v. McCormack, et al. (In re McCormack), No. 00-3054 (Bankr. D. Conn. Aug. 19, 2003)).

Generally, the district court reviews the bankruptcy court's conclusions of law de novo and its findings of fact under a "clearly erroneous" standard. In re Duplan Corp., 212 F.3d 144

(2d Cir. 2000); In re Manville Forest Prods. Corp., 896 F.2d 1384, 1388 (2d Cir. 1990).  "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  Zervos v. Verizon New York, Inc., 252 F.3d 163, 168 (2d Cir. 2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

The decision of the bankruptcy court is affirmed in all respects.  The court finds that the bankruptcy court did not commit clear error with respect to issues presented one through three.  (See Dkt. # 12 at 1).  The bankruptcy court's finding that the McCormacks did not retain an interest, legal or equitable, in 20 Cherry Ridge, Middlefield, Connecticut, is supported by the record and not clearly erroneous.

Appellant contends that the bankruptcy court erred in deciding to grant the McCormacks a discharge of their debt under Chapter 7.  A bankruptcy court's decision to allow a discharge when an objection thereto has been lodged under 11 U.S.C. § 727(a) is a mixed question of law and fact.  The court will review the bankruptcy court's application of the legal standard 11 U.S.C. § 727(a) to the facts de novo.  See, e.g., Meridian Bank v. Alten, 958 F.2d 1226, 1230 (3rd Cir. 1992) ("The bankruptcy court's determination that all the factual

-2-

circumstances of the case amounted to justification for inadequate record keeping by the Altens is an ultimate fact. Our review of a bankruptcy court's application of section 727(a)(3) to basic and inferred facts necessitates plenary review of the legal standards applied by the court in its analysis. Thus, we undertake plenary review of the concept of 'justification' actually applied by the bankruptcy court in this case, and also of the bankruptcy court's allocation of the burden of persuasion on this issue."). If the bankruptcy court applies the correct legal principles, however, the court will afford the bankruptcy court discretion in drawing its ultimate conclusion:

> [a] bankruptcy court may properly exercise discretion when determining, on findings of particular basic and inferred facts, whether a debtor has successfully demonstrated that its failure to keep adequate records was ultimately 'justified.' Assuming a bankruptcy court correctly applied proper legal precepts when making its 727(a)(3) determination, and that the court's basic and inferred factual findings were not clearly erroneous, the bankruptcy court's ultimate determination should be affirmed absent an abuse of discretion.

Id. at 1230 n.2; cf. Zervos, 252 F.3d at 169 (holding that the bankruptcy court abuses or exceeds its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision--though not necessarily the product of a legal error or a clearly erroneous factual finding--cannot be located within the range of permissible decisions.").

The bankruptcy court's decision is affirmed. The bankruptcy

court applied the correct legal standards, and its ultimate decision was a permissible exercise of its discretion.  The bankruptcy court correctly applied the principle that, "where records have been lost or destroyed through no fault of the bankrupt, any prophylactic function to be performed by [Section 727(a)(3)] becomes minimal and is outweighed by the Bankruptcy Act's general policy in favor of giving the bankrupt a fresh start."  In re Martin, 554 F.2d 55, 57-58 (2d Cir. 1977).

For the reasons set forth herein, the decision of the bankruptcy court awarding judgment in favor of Michael and Rosemarie McCormack is **AFFIRMED**.  The Clerk of the Court shall close this file.

So ordered this 31st day of January, 2006.

**/s/DJS**
_____
        **DOMINIC J. SQUATRITO**
    **UNITED STATES DISTRICT JUDGE**